LOBRANO, Judge.
Defendant, Walter Baptiste, was charged by bill of information with the March 9, 1986 attempted simple burglary of an automobile owned by Charles Weber, a violation of LSA R.S. 14:62.
On April 3, 1986, defendant was arraigned and pled not guilty.
Trial was held on June 5, 1986. A six member jury found defendant guilty as charged. On June 12, 1986, defendant was sentenced to six years at hard labor with credit for time served.
FACTS:
Officer Dale Atheman, when exiting the Ramada Inn on Canal street at approximately 3:30 a.m. on March 9, 1986 observed *615 defendant crouching and ducking along the rear passenger side of a parked automobile in the 100 block of North Derbigny Street. Officer Atheman observed this unusual behavior and movement several times. Officer Atheman walked to his car and flashed his bright lights on defendant. Defendant then approached Officer Atheman, who was in plain clothes, and asked if there was a problem. Officer Atheman identified himself as a police officer, placed defendant against his car and frisked him for weapons. Defendant was unarmed. Officer Atheman then went alongside the automobile in question and noticed the rear passenger window was shattered. On the rear seat of the automobile were items of clothing and a camera. Near the car were several pieces of broken concrete which Officer Atheman believed could have been used to break the window. Defendant was arrested for simple burglary of an automobile.
At trial, Charles Weber, testified that he did not know defendant and had not given defendant permission to enter or touch his automobile.
Defendant took the stand in his own defense. Defendant testified that he was urinating along the side of the car. He stated that he was walking back to his own car after leaving his girlfriend’s house where he had consumed “quite a bit of alcohol”. Defendant also testified to his many prior convictions.
Officer Atheman testified, in direct contradiction to defendant, that defendant was not intoxicated. He found no evidence that defendant had been urinating and defendant was not in the process of zipping or unzipping his pants when he was approached. No one else was in the area and the only other car was defendant’s. The scene of the crime was only five blocks from defendant’s house and less than one and one-half blocks from his girlfriend’s house. Officer Atheman further testified that defendant stated that he (defendant) would beat him (Officer Atheman) in court and that defendant offered to turn in a wanted criminal in exchange for his freedom.
Defendant appeals his conviction and sentence alleging there was not sufficient evidence for the jury to have found him guilty beyond a reasonable doubt. We disagree.
When assessing the sufficiency of evidence to support a conviction, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La.1982). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983); State v. Austin, 399 So.2d 158 (La.1981). The elements must be proven such that every reasonable hypothesis of innocence is excluded. LSA R.S. 15:438. LSA 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial must meet the Jackson reasonable doubt standard. State v. Porretto, supra.
Both direct and circumstantial evidence exists in the instant case. After carefully reviewing the record, we conclude that every reasonable hypothesis of innocence has been excluded.
Here, defendant testified he was at the scene of the crime; Officer Atheman observed defendant ducking and crouching alongside the area of the car where the rear window had been shattered; Officer Atheman testified defendant was not intoxicated nor was there evidence that defendant was urinating. He also testified that defendant attempted to make a deal in ex *616 change for his freedom. Thus, the evidence presented to the jury was sufficient to support defendant’s conviction beyond a reasonable doubt.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.